<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

_____

SAMUEL NIEVES,                              :
                                            :
    Plaintiff,                             :    Civil Action No. 12-3998 (SRC)
                                            :
v.                                          :    **OPINION**
                                            :
COMMISSIONER OF SOCIAL                      :
SECURITY,                                   :
                                            :
    Defendant.                             :
_____:

<u>**CHESLER, District Judge**</u>

    This matter comes before the Court on the appeal by Plaintiff Samuel Nieves ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act") prior to May 17, 2005. This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

    This is the second District Court appeal by Plaintiff. The first appeal concerned the final decision of the Commissioner which followed the September 28, 2007 decision of ALJ Richard DeSteno (the "ALJ"), which determined that Plaintiff was disabled at of May 17, 2005, but not before. On August 11, 2010, Judge Sheridan of this Court found that the Commissioner's determination of the date of onset was not supported by substantial evidence, and he remanded the case for further consideration in accordance with the Court's opinion. In brief, the District Court held that the ALJ had failed to consider the Plaintiff's testimony about the date of onset,

and remanded the case for further consideration of the exact onset date of disability.  On remand, ALJ DeSteno held a new hearing and, on March 31, 2011, issued a decision which came to the same conclusion as the decision of September 28, 2007 had.  After the second decision became final, Plaintiff filed this second appeal.

Plaintiff appeals on one ground, that the ALJ improperly rejected the opinion of the District Court from the first appeal, and Plaintiff asks that the case be remanded so that the Commissioner may obtain the testimony of a psychiatric expert as to the date of onset.

In the ALJ's opinion signed on March 31, 2011, the ALJ acknowledged that the District Court had recommended that he obtain medical expert testimony, but explained that the ALJ concluded that such testimony was "unnecessary." (Tr. 342.)  The ALJ stated that, given the state of the medical evidence of record, any such expert opinion could only be based on the testimony of Plaintiff, rather than objective medical evidence.  (Id.)

The question, on appeal, then, is whether this decision was in error.  Plaintiff contends that it was "improper," but gives no analysis of what was improper about it.  Plaintiff briefly acknowledges that, as Defendant points out, the District Court did not order the Commissioner to consult an expert.  Rather, the District Court held:

> Lastly, there is no explanation as to why May 17, 2005 was selected as to date of disability.  Accordingly, Plaintiff's case is remanded to the Commissioner for further consideration of the exact onset date for Plaintiff's disability.  In making his additional findings in light of Plaintiff's testimony at the prior hearing, the ALJ may choose to consider expert testimony, particularly in light of the uncertainty and extended period of time in which Plaintiff's condition developed. "[A]n ALJ should call on the services of a medical advisor when he or she must infer the onset date of an impairment that is not clear from the applicant's medical records.  This requirement is particularly important where the impairment at issue becomes progressively worse over an extended period of time." *Jakubowski v. Comm'r of Soc. Sec.*, 215 F. App'x. 104, 108 (3d Cir. 2007).

(Civil Action No. 09-2884, Docket Entry No. 10 at 12) (the "Prior Opinion").  The fact of the matter is that the District Court left the matter to the ALJ's discretion, saying that the ALJ "*may choose to consider expert testimony*."  The ALJ decided, in his discretion, not to consult an expert.  This Court now reviews that decision, but it does so under the ordinary deferential standard applied to Social Security appeals.[1]

This Court finds that the ALJ did not err in deciding not to consider the testimony of an expert as to onset date.  The parties here agree that the relevant ruling is SSR 83-20, which states:

> Onset in Disabilities of Nontraumatic Origin
>
> In disabilities of nontraumatic origin, the determination of onset involves consideration of the applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity. The weight to be given any of the relevant evidence depends on the individual case.
>
> > 1. Applicant Allegations
> > The starting point in determining the date of onset of disability is the individual's statement as to when disability began. This is found on the disability application and on the Form SSA-3368-F8/3820-F6 (Disability Report). A change in the alleged onset date may be provided in a Form SSA-5002 (Report of Contact), a letter, another document, or the claimant's testimony at a hearing.
> >
> > 2. Work History
> > The day the impairment caused the individual to stop work is frequently of great significance in selecting the proper onset date. The district office (DO) has the responsibility for documenting the claim (via Form SSA-821-F4 (Work Activity Report -- Employee) or Form SSA-820-F4 (Work Activity Report -- Self-Employed Person)) concerning pertinent work activity by the claimant before or after the alleged onset date. (This information may also be needed to determine whether insured status is met or when it is first or last met.)

---

[1] Plaintiff devoted a large portion of his brief to putting the ALJ on trial.  This Court declines to do so, but focuses instead on the merits of Plaintiff's appeal.

> 3. Medical and Other Evidence
> Medical reports containing descriptions of examinations or treatment of the individual are basic to the determination of the onset of disability. The medical evidence serves as the primary element in the onset determination. Reports from all medical sources (e.g., physicians, hospitals, and government agencies) which bear upon the onset date should be obtained to assist in determining when the impairment(s) became disabling.

With slowly progressive impairments, it is sometimes impossible to obtain medical evidence establishing the precise date an impairment became disabling. Determining the proper onset date is particularly difficult, when for example, the alleged onset and the date last worked are far in the past and adequate medical records are not available. In such cases, it will be necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process.

Particularly in the case of slowly progressive impairments, it is not necessary for an impairment to have reached listing severity (i.e., be decided on medical grounds alone) before onset can be established. In such cases, consideration of vocational factors can contribute to the determination of when the disability began (see example under heading, "Precise Evidence Not Available -- Need for Inferences").

In determining the date of onset of disability, the date alleged by the individual should be used if it is consistent with all the evidence available. When the medical or work evidence is not consistent with the allegation, additional development may be needed to reconcile the discrepancy. However, the established onset date must be fixed based on the facts and can never be inconsistent with the medical evidence of record.

Precise Evidence Not Available -- Need for Inferences

In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. This judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred. If there is information in the file indicating that additional medical evidence concerning onset is available, such evidence should be secured before inferences are made.

There are two important ways in which this case does not appear to be the kind of case in which SSR 83-20 envisioned consulting an expert to determine date of onset: 1) there is scant evidence of a slowly progressive impairment; and 2) there is no problem with the availability of records; Plaintiff does not seek to trace the date of onset to a time before the first recorded medical examination.

      First, Plaintiff does not point to any independent evidence of depression between February of 1997 and 2004; there is only his own testimony.  Plaintiff's brief on this appeal does not include any discussion of the record, but rather incorporates by reference the briefing in the first appeal.  Plaintiff's opening brief in that appeal only points to the fact that the 2004 psychiatric evaluation gave a diagnosis of "major depressive disorder, **recurrent**."  (Civil Action No. 09-2884, Pl.'s Br. 24.)  This diagnosis does not on its face say anything about whether Plaintiff suffers from a slowly progressive impairment.  It suggests only that Plaintiff had experienced an episode of major depression before, which is clear from the record of his hospitalizations for depression in 1996.  It does not say when any previous episode of depression occurred, nor does it suggest that the depression was continuous, chronic, or progressive.  It is not clear on what basis – other than Plaintiff's own testimony, which the ALJ did not find credible – the ALJ would have concluded that Plaintiff suffered from a slowly progressive impairment during a period for which Plaintiff produced no objective evidence.  It is worth noting that the record does not show that Plaintiff testified that his depression progressed slowly during the gap period.  As summarized in the first and second decisions by the ALJ, the Plaintiff's description of his depression is not one of a slowly progressive condition, but as a constant state for eight years. (Tr. 20, 338.)  The ALJ found that Plaintiff's testimony about the

5

period prior to 2005 not credible.

Second, this is not a case in which medical records are unavailable because they were long ago discarded. The medical records are available, beginning with a termination summary for a brief period of psychiatric treatment from December of 1996 through January of 1997.[2] Plaintiff does not claim that he received any treatment not documented in the Social Security record. Thus, this is not the kind of situation envisioned by SSR 83-20, in which the onset of a disabling impairment occurred prior to the first recorded medical examination. Rather, Plaintiff contends that the onset occurred sometime between the recorded medical examinations.

Thus, this Court finds that, on this record, the ALJ's decision that SSR 83-20 did not require him to consult a medical expert to determine the date of onset was supported by substantial evidence. Moreover, the ALJ was entitled to credit the medical records as substantial evidence of what really happened. Plaintiff had a short episode of treatment in 1997, and was able to return to work and work until 1998. He did not return for psychiatric treatment until 2004. He now contends that, even though he sought no treatment during these intervening years, he was deeply depressed. The ALJ looked at the evidence and decided that he believed the records, not the claimant's testimony. Reasonable people could disagree about this decision, but it was certainly based on substantial evidence: the medical records. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The medical records meet this standard.

---

[2] That report states that Plaintiff was hospitalized twice for treatment of depression in 1996. (Tr. 157.)

This understanding of SSR 83-20 is consistent with the relevant Third Circuit law. It is interesting that the Prior Opinion cited the non-precedential Jakubowski case as authority for the proposition that the ALJ should consult a medical advisor to help determine onset date, since the Jakubowski panel affirmed the district court's decision that the ALJ had correctly determined that no such consultation was needed. 215 Fed. Appx. at 108. Moreover, in Jakubowski, the Third Circuit distinguished that case from the relevant precedential cases of Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 549 (3d Cir. 2003) and Walton v. Halter, 243 F.3d 703 (3d Cir. 2001).

In Newell, the Third Circuit held that the ALJ should have consulted a medical advisor to determine the date of onset. Id. at 549. Newell had claimed that her liver disease, diabetes, and neuropathy were slowly progressive diseases that had become disabling before she had sufficient money to seek treatment. Although not expressly stated, it is clear that the Third Circuit accepted that, indeed, the evidence showed that the claimant suffered from slowly progressive diseases.

In addition, the Newell Court appears to have considered the question of whether there was a reason why earlier records of the slowly progressive diseases were impossible to obtain. To this end, in addition to considering SSR 83-20, the Third Circuit found useful SSR 96-7p, which states:

> On the other hand, the individual's statements may be less credible if the level or frequency of treatment is inconsistent with the level of complaints, or if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure. However, the adjudicator must not draw any inferences about an individual's symptoms and their functional effects from a failure to seek or pursue regular medical treatment without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek medical treatment. The adjudicator may need to

> recontact the individual or question the individual at the administrative proceeding in order to determine whether there are good reasons the individual does not seek medical treatment or does not pursue treatment in a consistent manner. The explanations provided by the individual may provide insight into the individual's credibility.

Thus, the Newell Court considered it important that the claimant had a legitimate, substantiated reason to explain why she had not obtained treatment for her serious medical conditions earlier – she had been unable to afford it.  Newell, 347 F.3d at 547.  Thus, under the facts of Newell, the two requirements of SSR 83-20 discussed above were met: 1) the medical evidence indicated that the claimant suffered from slowly progressive impairments; and 2) there was a credible explanation for why earlier records of the diseases were impossible to obtain.  In the instant case, on the other hand, earlier records have been obtained, and Plaintiff has not offered an explanation for why he did not obtain treatment for an allegedly disabling condition for a seven-year period.

In Walton, the ALJ was faced with the challenge of determining whether a date of onset had occurred 28 years earlier.  243 F.3d at 705.  The claimant had been first diagnosed with a chronic psychiatric illness, bipolar disorder, at 26, but there was evidence indicating that the onset had occurred earlier.  Id.  The ALJ had not sought to consult a medical advisor to help determine the date of onset, and the Third Circuit held that he had erred, in view of SSR 83-20:

> This is a case involving a previously hospitalized claimant alleging disability on the basis of a psychiatric impairment. That impairment was a slowly progressive one and the alleged onset date was far in the past. Adequate medical records for the most relevant period were not available. This meant that it was "necessary to infer the onset date from the medical and other evidence that describe the history and symptomatology of the disease process." An "informed judgment" was required, a judgment with a "legitimate medical basis."
>
> Here, with the arguable exception of Dr. Wood's having no affirmative recollection of having recognized Walton as a manic depressive prior to his twenty-second birthday, all of the medical evidence suggested an onset prior to

8

> that birthday. To be sure, that evidence was not based upon personal observation of Walton prior to age twenty-two. Nevertheless, the ALJ could not, consistent with SSR 83-20 and the necessity of establishing an onset date based on substantial evidence, simply ignore that evidence and draw an inference from the record evidence having no substantial medical support. Because there is no legitimate medical basis for the conclusion of the ALJ on the onset issue, we will reverse the judgment of the District Court and remand with instructions to return this matter to the Commission for further proceedings.

Id. at 708. Just as in Newell, the two requirements of SSR 83-20 discussed above were met: 1) the medical evidence indicated that the plaintiff suffered from a slowly progressive impairment; and 2) there was a credible explanation for why earlier records of the diseases were impossible to obtain. Thus, in Walton, the ALJ erred by ignoring evidence in the medical record – evidence that pointed to a date of onset prior to the start of the medical records.

In the instant case, in contrast, the two requirements of SSR 83-20 discussed above have not been met. Plaintiff has pointed to scant evidence that his depression has been a slowly progressive illness. There is no clear support for the proposition that his depressive condition progressed between 1997 and 2004; there is only the evidence that it recurred. Plaintiff has not pointed to evidence in the record that he was depressed during the 7-year gap period – beyond his own self-reports. And, significantly, Plaintiff has not explained why, if he was disabled by depression, he sought no treatment for seven years. Crucially, Plaintiff here admits that there are no earlier records to be obtained. In this case, Plaintiff has offered no explanation for why he has no evidence about his depression during the gap period.

What the record shows is that, in 1996 and 1997, Plaintiff experienced two episodes of serious depression, received treatment, and recovered enough to return to work. He stopped working in 1998, and the record shows no work or treatment for depression up to the date last

insured.  Plaintiff claims, vaguely, that he was depressed for years, but gives no explanation for what happened such that he went from a person who had recovered from depression and was working to a disabled person who was unable to work.  Given this record, it was perfectly reasonable for the ALJ to find that Plaintiff had not carried his burden of proof of disablity during the gap period, but only for the period after the record shows that he returned to psychiatric treatment.  It was also perfectly reasonable for the ALJ to conclude that there was no need to consult a medical advisor for help in determining a date of onset.

   This Court finds that the Commissioner's final decision is supported by substantial evidence and is affirmed.

                         s/ Stanley R. Chesler
                         STANLEY R. CHESLER, U.S.D.J.

Dated: July 17, 2013